# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

COMPUFILL, LLC )
)
     Plaintiff, )
)
vs. ) C.A. No. 1:13-CV-137
)
DELHAIZE AMERICA, LLC )
)
     Defendant. )
)

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Delhaize America, LLC ("Delhaize" or "Defendant"), by and through the undersigned counsel, hereby responds to and answers the allegations of the Complaint filed by Plaintiff CompuFill, LLC ("CompuFill or Plaintiff").

## ANSWER

In response to the individually numbered paragraphs contained in CompuFill's Complaint, Delhaize answers and responds as follows:

### Parties

1. Plaintiff CompuFill is a California limited liability company with its principal place of business at 547 South Marengo Ave., Ste. 104, Pasadena, CA 91101.

    **ANSWER:** Delhaize lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies those allegations.

2. On information and belief, Delhaize is a North Carolina corporation with its principal place of business at 2110 Executive Dr., Salisbury, NC 28145. On information and belief, Delhaize may be served with process by serving its registered agent Corporation Service Company, 327 Hillsborough St., Raleigh, NC 27603.

**ANSWER:** Delhaize admits the allegations of paragraph 2.

### Jurisdiction and Venue

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Paragraph 3 states legal conclusions to which no response is required. To the extent paragraph 3 requires a response, Delhaize admits that the Complaint purports to assert claims of patent infringement under the cited statute. Delhaize, however, denies any such infringement and denies the allegations asserted against it, including any remaining allegations in paragraph 3.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Delhaize has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

**ANSWER:** Paragraph 4 states legal conclusions and argument as to personal jurisdiction and venue to which no response is required. To the extent a response is required, Delhaize does not dispute that it is subject to jurisdiction and venue in this Court. Delhaize denies committing any wrongful acts within the jurisdiction or venue and denies any remaining allegations of paragraph 4.

5. Further, on information and belief, Delhaize maintains documents and witnesses related to this action within the subpoena power of this Court. Delhaize lists 2110 Executive Dr., Salisbury, NC 28145 as its U.S. branch as well as the same address being the PPB for Food Lion, Bloom and Bottom Dollar Food. See the screenshot for Delhaize's contacts page retrieved from http://www.delhaizegroup.com/en/Contacts.aspx, a true and correct copy of which is attached hereto as Exhibit A.

**ANSWER:** Paragraph 5 states legal conclusions and argument as to the subpoena power of the Court to which no response is required. To the extent a response is required, Delhaize lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 5 because CompuFill has not yet identified which witnesses and documents might be subject to the subpoena power of the Court. Delhaize, therefore denies those allegations. Delhaize denies any remaining allegations of paragraph 5.

## COUNT I
### (Alleged Infringement of U.S. Patent No. 6,728,684)

6. Plaintiff is the owner by assignment of United States Patent No. 6,728,684 ("the '684 Patent") entitled "On-Line Pharmacy Automated Refill System" – including all rights to recover for past and future acts of infringement. The '684 Patent issued on April 27, 2004. A true and correct copy of the '684 Patent is attached hereto as Exhibit B.

**ANSWER:** Delhaize admits that CompuFill is identified as the owner by assignment of U.S. Patent No. 7,728,684, as reflected in Exhibit B to the Complaint, and

that the '684 Patent identifies a date of issuance of April 27, 2004. Delhaize denies any remaining allegations in paragraph 6.

7. On information and belief, Delhaize has been and now is infringing the '684 Patent in this judicial district, and elsewhere in the United States through its use of at least an automated system for requesting prescription refills. Acts of infringement by Delhaize include, without limitation, utilizing methods for processing requests for prescription refills that include every step of at least one method claim of the '648 Patent within the United States ("Accused Methods"), and using within the United States at least one computer program for effecting such methods ("Accused Programs"), which is also covered by at least one claim of the '684 Patent. Such infringing Accused Methods and Accused Programs include, for example, those used by Delhaize in the operation of its automated system for requesting prescription refills for at least its Food Lion stores. Delhaize is thus liable for infringement of the '684 Patent under 35 U.S.C. §271.

**ANSWER:** Except to admit that one or more of its subsidiaries, including Food Lion, operate pharmacies with automated prescription refill systems, Delhaize denies the allegations of paragraph 7 and specifically denies any and all allegations of infringement of the '684 Patent.

8. Delhaize infringes at least Claims 1 and 8 of the '684 Patent, by way of example only, and without limitation on CompuFill's assertion of infringement by Delhaize of other claims of the '684 Patent. Claim 1 of the '684 Patent reads as follows:

> 1. A method for processing requests for prescription refills between one or more client computers and a host computer, comprising the steps of: receiving a request for a prescription refill from a caller, said receiving of said request being facilitated by a client computer; storing said request until on-line communications with a host computer are established, said storing of said request being facilitated by a first client computer storage means; establishing a communication link between said client computer and said host computer, said establishing of said communication link being facilitated by a communication network; and processing said request between said client computer and

-4-

said host computer, said processing of said request being facilitated first client computer code segment and a first host code segment.

Claim 8 of the '684 Patent reads as follows:

8. A computer program embodied on computer-readable medium having a computer readable program code embodied in said medium for effecting a method of processing requests for prescription refills between at least one client computer and a host computer, comprising: a code segment for receiving a request for a prescription refill from a caller; a code segment for storing said request until on- line communications with a host computer is established; a code segment for establishing a communication link between said client computer and said host computer; and a code segment for processing said request between said client computer and said host computer.

**ANSWER:** Claims 1 and 8 of the '684 Patent speak for themselves. Delhaize denies infringement of claims 1 and 8, or any other claims, of the '684 Patent. Delhaize denies any remaining allegations of paragraph 8.

9. Delhaize practices through its Accused Methods at least "a method for processing requests for prescription refills between one or more client computers and a host computer." This is made clear by Delhaize's automated voice recording which recites "Thank you for calling Food Lion Pharmacy. To refill a prescription, press one." (Delhaize's Accused Methods and Accused Programs used for each pharmacy investigated by Plaintiff each used slightly different automated voice prompts. The Accused Methods and Accused Programs investigated include those hosted at 704-333-5699 and 704-598-4598. All quotes from these systems were confirmed as of February 4, 2013). For the reasons explained above, Delhaize's Accused Programs also comprise at least "a computer program embodied on computer-readable medium having a computer readable program code embodied in said medium for effecting a method of processing requests for prescription refills between at least one client computer and a host computer." computer readable program code embodied in said medium for effecting a method of processing requests for prescription refills between at least one client computer and a host computer."

**ANSWER:** Except to admit that at least one of its subsidiaries, Food Lion, operates an automated prescription refill processing system, Delhaize denies the allegations of paragraph 9.

10. Delhaize practices through its Accused Methods the first step of Claim 1, "receiving a request for a prescription refill from a caller, said receiving of said request being facilitated by a client computer." Delhaize practices this step by directing callers to press one if they wish to refill a prescription, as prompted by the automated voice recording. Following this, the automated voice recording directs the customer "Using the keypad on your phone, please enter the seven digit refill number." (This quote is from the 704-333-5699 system. The 704-598-4598 system instead directs the customer "using the keypad of your phone, please enter the refill identification number followed by the pound sign.") On information and belief the Accused Methods receive a request for a prescription refill from a caller due to the fact that they function as an automated call processing system. Further, on information and belief, said request is facilitated by a client computer as the Accused Methods require a client computer to function as an automated call processing system. For the reasons explained above, Delhaize's Accused Programs also comprise the first element of Claim 8, "a code segment for receiving a request for a prescription refill from a caller."

**ANSWER:** Delhaize denies that it practices the first step of Claim 1 or the first element of Claim 8. Except to admit that at least one of its subsidiaries, Food Lion, operates an automated prescription refill processing system that receives phone calls and provides directions to callers for refilling prescriptions, Delhaize denies that the automated systems practice, or are otherwise covered by, the claims of the '684 Patent. Delhaize denies any remaining allegations of paragraph 10.

11. On information and belief, Delhaize practices through its Accused Methods the next step of Claim 1, "storing said request until on-line communications with a host computer are established, said storing of said request being facilitated by a first client computer storage means." By the nature of the Accused Methods utilized in a client computer-enabled automated call processing system, Delhaize must store a request

for a prescription refill at least temporarily. After the request is stored, an on-line communication can be established with the host computer(s) which enable the prescription to be filled. For the reasons explained above,
Delhaize's Accused Programs also comprise the next element of Claim 8, "a code segment for storing said request until on-line communications with a host computer is established."

**ANSWER:** Delhaize denies that it practices "the next step" of Claim 1 or "the next element" of Claim 8, as identified in paragraph 11. Except to admit that at least one of its subsidiaries, Food Lion, operates an automated prescription refill processing system with computer hardware and software, Delhaize denies that the automated systems practice, or are otherwise covered by, the claims of the '684 Patent. Delhaize denies any remaining allegations of paragraph 11.

12. On information and belief, Delhaize practices through its Accused Methods the next step of Claim 1, "establishing a communication link between said client computer and said host computer, said establishing of said communication link being facilitated by a communication network." By the nature of the Accused Methods utilized in a client computer- enabled automated call processing system, Delhaize must establish a communication link with the host computer(s) and any other systems which enable the prescription to be filled. This communication link can be through any communication network which enables this communication. For the reasons explained above, Delhaize's Accused Programs also comprise the next element of Claim 8, "a code segment for establishing a communication link between said client computer and said host computer."

**ANSWER:** Delhaize denies that it practices "the next step" of Claim 1 or "the next element" of Claim 8, as identified in paragraph 12. Except to admit that at least one of its subsidiaries, Food Lion, operates an automated prescription refill processing system with computer hardware and software, Delhaize denies that the automated systems

-7-

practice, or are otherwise covered by, the claims of the '684 Patent. Delhaize denies any remaining allegations of paragraph 12.

13. On information and belief, Delhaize practices through its Accused Methods the last step of Claim 1, "processing said request between said client computer and said host computer, said processing of said request being facilitated first client computer code segment and a first host code segment." Due to the nature of the client computer and host computer utilizing the Accused Methods, they must enable and facilitate all processing and functions through code segments. Such code segments would be required to enable Delhaize to use the Accused Methods to allow its customers to receive prescription refills. For the reasons explained above, Delhaize's Accused Programs also comprise the last element of Claim 8, "a code segment for processing said request between said client computer and said host computer."

**ANSWER:** Delhaize denies that it practices "the last step" of Claim 1 or "the last element" of Claim 8, as identified in paragraph 13. Except to admit that at least one of its subsidiaries, Food Lion, operates an automated prescription refill processing system, Delhaize denies that the automated systems practice, or are otherwise covered by, the claims of the '684 Patent. Delhaize denies any remaining allegations of paragraph 13.

14. Delhaize's Accused Methods and Accused Programs are utilized in its fully automated system which enables callers to order prescription refills without requiring any human interaction. To speak to a human the caller must actively select to speak to one. Delhaize prompts callers to do so by directing callers, "if you require personal assistance press 0." If a caller opts to receive personal assistance it states "please hold while we transfer your call" before transferring the call from the fully automated system utilizing the Accused Methods and Accused Programs.

**ANSWER:** Delhaize denies utilizing any of the Accused Methods or Accused Programs as identified in paragraph 14. Except to admit that at least one of its subsidiaries, Food Lion, operates an automated prescription refill processing system that

-8-

allows consumers to order prescription refills without directly speaking to, or otherwise directly communicating with, an individual at the pharmacy, Delhaize denies that the automated systems practice, or are otherwise covered by, the claims of the '684 Patent. Delhaize denies any remaining allegations of paragraph 14.

15. As a result of Delhaize's infringement of the '684 Patent, CompuFill has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made by Delhaize of the invention, together with interest and costs as fixed by the Court.

**ANSWER:** Delhaize denies the allegations of paragraph 15.

**Prayer For Relief**

CompuFill's Prayer for Relief contains no factual allegations to which a response is required. To the extent any such allegations are contained in the unnumbered "WHEREFORE" paragraph, Delhaize denies any such allegations, including any such allegations in all 3 sub-paragraphs contained therein.

To the extent Delhaize has not responded directly to any particular allegations, Delhaize denies that allegation.

**AFFIRMATIVE DEFENSES**

Notwithstanding Delhaize' answers to the individually numbered paragraphs contained in CompuFill's Complaint, Delhaize further asserts the following affirmative defenses:

-9-

1.  CompuFill's Complaint, and each cause of action asserted therein, fails to state a claim for which relief can be granted.

2.  Delhaize is an improper party to this action.

3.  Delhaize has not infringed, either literally or under the doctrine of equivalents, any claim of the '684 Patent, and it has not contributed to or induced the infringement of any claim of the '684 Patent.

4.  The '684 Patent as apparently construed by CompuFill is invalid as anticipated by the prior art under 35 U.S.C. § 102.

5.  The '684 Patent as apparently construed by CompuFill is invalid as obvious in light of the prior art under 35 U.S.C. § 103.

6.  Plaintiff's claims, including its requests for monetary relief, are barred or limited by the doctrine of laches and CompuFill's unreasonable delay in seeking relief against Delhaize or its affiliates.

7.  Delhaize hereby reserves the right to rely upon any affirmative defense that is shown by discovery to be available and applicable in this case.

**SPECIFIC RESERVATION OF RIGHTS**

Discovery may disclose that the conduct of the patent applicant or holder or their agents during prosecution of the application which matured into the '684 Patent and during the maintenance and enforcement of same was such that the '684 Patent is invalid or unenforceable. Delhaize's responses to the allegations in the complaint, as well as its

-10-

defenses, are based on information that is currently known.  Delhaize reserves the right to amend its responses and/or defenses should additional information become known.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Delhaize prays for judgment in its favor and against the Plaintiff providing that:

A.  the Complaint be dismissed in its entirety, with prejudice, and that Plaintiff take nothing by its Complaint;

B.  the Court find each and every claim, or at least the asserted claims, of the patent-in-suit invalid;

C.  Delhaize be declared not to have infringed, directly or indirectly, literally or by the doctrine of equivalents, any claim of the patent-in-suit;

D.  CompuFill be declared to have delayed unreasonably in seeking to enforce its rights against Delhaize or Delhaize's affiliates, thereby precluding CompuFill's claims against Delhaize and its affiliates;

E.  Delhaize be awarded its costs of suit;

F.  the instant action is an "exceptional case" under 35 U.S.C. § 285, and awarding Delhaize attorneys' fees and costs; and

G.  Delhaize be awarded such other and further relief to which it may be entitled.

## JURY DEMAND

DELHAIZE AMERICA, LLC demands a trial by jury of any and all issues triable of right by jury in this action.

Respectfully submitted, this 15th day of April, 2013.

                                **HUNTON & WILLIAMS, LLP**

By: /s/ R. Dennis Fairbanks
     R. Dennis Fairbanks
     N.C. Bar No. 33572
     HUNTON & WILLIAMS LLP
     P.O. Box 109
     Raleigh, NC 27602
     dfairbanks@hunton.com
     Tel.   919.899.3000
     Fax   919.833.6352

**Of Counsel**:

Bradley W. Grout
Georgia Bar No. 313950
HUNTON & WILLIAMS LLP
Bank of America Plaza, Suite 4100
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
bgrout@hunton.com
(404) 888-4000
(404) 888-4190 (fax)

John Gary Maynard, III
Virginia Bar No. 65203
HUNTON & WILLIAMS LLP
951 East Byrd Street
Richmond, Virginia 23219
jmaynard@hunton.com
(804) 788-8200
(804) 788-8218 (fax)

*Attorneys for Defendant,
Delhaize America, LLC*

# CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a copy of the foregoing **Defendant's Answer to Plaintiff's Complaint** was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Susan Freya Olive
> OLIVE & OLIVE, P.A.
> emailboxMDNC@oliveandolive.com
>
> Scott E. Stevens
> Gregory P. Love
> Darrell G. Dotson
> Todd Y. Brandt
> STEVENS LOVE
> scott@stevenslove.com
> greg@stevenslove.com
> darrell@stevenslove.com
> todd@stevenslove.com
>
> *Attorneys for Plaintiffs*

This the 15th day of April, 2013.

/s/ R. Dennis Fairbanks
R. Dennis Fairbanks